UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

TERRENCE SCRETCHING,

                        Plaintiff,

        -v-

DETECTIVE SCHLOSSER, DETECTIVE PASTOR,
DETECTIVE GARRITY, DETECTIVE SWANSON,
THE 43RD PRECINCT, CITY OF NEW YORK,

                        Defendants.

------------------------------------------------------------------------X

12 Civ. 8129 (PAE) (JLC)

ORDER ADOPTING
REPORT &
RECOMMENDATION

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Terrence Scretching, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the City of New York and four officers of the New York City Police Department ("NYPD"), alleging constitutional violations sounding in false arrest, malicious prosecution, and excessive force. On December 20, 2013, Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Before the Court is the May 6, 2014 Report and Recommendation of Magistrate Judge James L. Cott, recommending that the Court grant Defendants' motion, but also grant Scretching leave to file an amended complaint. Dkt. 35 ("Report"). For the reasons that follow, the Court adopts the Report in full.

I.     **Background**[1]

The Complaint alludes to a history of constitutional violations by four officers of NYPD over a period of several years, but mentions only a few with any degree of specificity. On three separate occasions in or about May 2012, the Complaint alleges, Detectives Garrity and Swanson picked Scretching up, presumably took him back to the precinct, and put him in lineups. On none of those occasions was Scretching picked out in the lineup or otherwise identified by witnesses. And each time, the Complaint alleges, the officers "voided the action from the precinct computer."

On August 23, 2012, officers of the NYPD came to Scretching's apartment "looking for a Hispanic person." After Scretching produced identification, the officers told Scretching that he was "wanted for questioning" and then brought him to the 43rd Precinct, where Detectives Schlosser and Pastor put him in a lineup. After the lineup, Pastor showed Scretching a text message that he was writing to Assistant District Attorney Brown, who had prosecuted "numerous" cases against Scretching; the text message stated that Scretching had been "picked out" of the lineup. Scretching was thereafter prosecuted for, and pled guilty to, robbery in the third degree in connection with this arrest.

The Complaint goes on to allege that, at some unspecified time, Scretching was beaten by Detectives Schlosser, Pastor, Garrity, and Swanson.

On October 26, 2012, Scretching filed the Complaint, using the form complaint available to *pro se* litigants bringing claims under § 1983, naming as defendants Detectives Schlosser,

---

[1] The Court's summary of the facts of this case is drawn from the detailed account of the facts provided in the Report, to which there are no objections, as well as the Complaint (Dkt. 1). In considering the motions to dismiss, the Court, like Judge Cott, accepts as true all facts alleged in the Complaint, and draws all reasonable inferences in favor of Scretching.

Pastor, Garrity, and Swanson, the NYPD, the 43rd Precinct, then-Mayor of New York City Michael Bloomberg, and Assistant District Attorney Brown. In the Complaint, Scretching alleges that Defendants violated his constitutional rights by, *inter alia*, (1) taking him into police custody, putting him into lineups, and threatening him with criminal proceedings without justification; and (2) beating him at an unspecified time. By Order dated December 4, 2012, the Court (1) dismissed the claims against the NYPD, and substituted the City of New York as the proper defendant; (2) dismissed the claims against Mayor Bloomberg for lack of personal involvement in the alleged constitutional violations; and (3) dismissed the claims against Brown on the basis of prosecutorial immunity. Dkt. 8. Following an Order to Show Cause, Scretching, on July 5, 2013, effected service on Defendants via the U.S. Marshals. Dkt. 16–19. Defendants answered on September 17, 2013. Dkt. 22.

On December 20, 2013, Defendants filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), Dkt. 29, and an accompanying memorandum of law, Dkt. 31. By Order dated December 29, 2013, the motion was referred to Judge Cott for preparation of a Report & Recommendation. Dkt. 32. On January 30, 2014, Judge Cott issued an Order directing Scretching to respond to Defendants' motion by February 18, 2014, and notifying him that, if he failed to do so, the Court would treat the motion as unopposed. Dkt. 33. Scretching failed to file any such opposition.

On May 6, 2014, Judge Cott issued the Report. In the Report, Judge Cott recommended dismissing the Complaint for failure to state a claim, but granting Scretching leave to file an amended complaint. Specifically, the Report recommended dismissing the false arrest and malicious prosecution claims relating to Scretching's August 23, 2012 arrest as precluded by the favorable-termination rule articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994), because

3

Scretching had been convicted of the offense for which he was arrested. As for the remaining false arrest and malicious prosecution claims and the excessive force claim, the Report recommended dismissing them as vague and conclusory. The Report also recommended dismissing the municipal liability claim, because the Complaint failed to plausibly allege a municipal policy or custom in connection with the alleged constitutional violations, and, in any event, the Complaint failed to plausibly allege the underlying constitutional violations.

The Report stated that the parties were required to file any objections within 14 days of the date of the Report's issuance. To date, the Court has not received any objections.

## II.   Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Careful review of the well-reasoned Report reveals no clear error. On the contrary, the Court agrees with the Report's conclusion that the false arrest and malicious prosecution claims relating to Scretching's August 23, 2012 arrest are squarely precluded by *Heck*'s favorable-termination rule, and that his other allegations—of other Fourth Amendment violations on

"numerous occasions" over a stretch of several years prior to that arrest, and of excessive force at some unspecified time—are vague and conclusory. Accordingly, the Complaint fails to state claims for false arrest, malicious prosecution, and excessive force, and thus fails to state a claim for municipal liability.

The Court also agrees with the Report that Scretching, who is proceeding *pro se* and has not yet been given the opportunity to file an amended complaint, should be granted leave to amend. The Report, which is incorporated by reference herein, is adopted without modification.

## CONCLUSION

For the reasons articulated in the Report, Scretching's Complaint is dismissed with leave to file an amended complaint. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 20, to serve this Opinion & Order on Scretching at his address of record, and to close this case. The case may be reopened without prejudice in the event that Scretching files an amended complaint within 30 days of the filing of this Opinion & Order. Failure to file an amended complaint by that date, absent leave of the Court, will result in dismissal with prejudice.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore certifies that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

5

_____
Paul A. Engelmayer
United States District Judge

Dated: June 3, 2014
      New York, New York

6